IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL GARCIA,**

      **Plaintiff,**

      v.                                                                                                               Civ. No. 25-163 JCH/JHR

**FADI HANBALI, M.D. and**
**TENET HOSPITALS, LTD.,**
**A TEXAS LIMITED PARTNERSHIP**
**d/b/a THE HOSPITALS OF**
**PROVIDENCE SIERRA CAMPUS,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This medical malpractice case is before the Court on three motions: (1) *Defendant Tenet Hospitals'… Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction* [Doc. 4], to which Plaintiff has filed a response [Doc. 9] and Tenet Hospitals has filed a reply [Doc. 13]; (2) *Plaintiff's Motion for Leave to Amend Complaint* [Doc. 8], to which Tenet Hospitals, Ltd. has filed a response [Doc. 11] and Plaintiff has filed a reply [Doc. 12]; and (3) *Defendant Fadi Hanbali, M.D.'s Opposed Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction* [Doc. 18]. Because Plaintiff has failed to properly plead facts—either in his Original Complaint or in his proposed Amended Complaint—to support a conclusion that this Court has subject matter jurisdiction, the motions to dismiss will be granted and Plaintiff's claims dismissed without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

According to Plaintiff's *Original Complaint* [Doc. 1], Plaintiff Paul Garcia ("Garcia") is a resident and citizen of Las Cruces, New Mexico and Defendant Fadi Hanbali, M.D. ("Hanbali") is physician licensed in the State of Texas. Doc. 1 at 1. Plaintiff alleges that Tenet Hospitals, Ltd. ("Tenet Hospitals") is a Texas Limited partnership under Texas law conducting a hospital business known as The Hospitals of Providence Sierra Campus ("Sierra"). *Id*. Garcia does not allege the place of Hanbali's citizenship or the citizenship of any of the partners in Tenet Hospitals. He also does not allege the basis of this Court's jurisdiction over his claims.

Garcia alleges that in June of 2024, he presented to Mountainview Regional Medical Center for treatment of back pain, numbness, incontinence, and nerve problems in his legs. *Id*. at 2, ¶¶ 5-6. He was transferred to El Paso for possible surgery, where Defendants accepted him as a patient. *Id*. at ¶ 7-8. Plaintiff alleges that Defendant Tenet Hospitals and its agents and employees failed to properly care for, diagnose, and treat his condition, and that the treatment he received at Sierra fell below the standard of care. *Id*. at 2-3, ¶¶ 10-11. Garcia further alleges that Defendant Hanbali failed to timely and correctly diagnose and treat his spital cord, causing a spinal hematoma and resulting paraplegia, pain, mental anguish, disfigurement, medical expenses, and loss of earnings. *Id*. at 4-5, ¶¶ 17-18.

On April 1, 2025, Defendant Tenet Hospitals filed its motion to dismiss [Doc. 4] in lieu of answer. It argues that Garcia failed to properly allege subject matter jurisdiction and that the Court lacks personal jurisdiction over Tenet Hospitals, which lacks sufficient contacts with New Mexico to satisfy either the long-arm statute or traditional notions of fair play and substantial justice. Tenet Hospitals asks the Court to dismiss Garcia's claims or in the alternative to transfer venue of the case to the United States District Court for the Western District of Texas, El Paso Division.

Recognizing problems with subject matter jurisdiction in his Original Complaint, Garcia filed his motion for leave to amend [Doc. 8] on April 7, 2025, and attached his proposed Amended Complaint [Doc. 8-1].[1] Garcia added bare allegations that the Court's jurisdiction is based on diversity under 28 U.S.C. § 1332 and that Defendant Hanbali is a citizen of Texas. Doc. 8-1 at 2, ¶ 4. Although the caption on the proposed amended complaint still names "Tenet Hospitals, Ltd., a Texas Limited Partnership" as a Defendant, Garcia avers that "Defendant Tenet Corporation is a corporation incorporated under the laws of the State of Texas with its principal place of business in El Paso, Texas." *Id*. The proposed Amended Complaint still contains no allegations regarding the citizenship of the members of Tenet Hospitals, Ltd.

On June 30, 2025, Garcia served Hanbali with his Original Complaint, and on July 21, 2025, Hanbali filed his motion to dismiss [Doc. 18] addressing that complaint, not the proposed Amended Complaint. Hanbali's motion to dismiss makes substantially the same arguments as Tenet Hospitals. Like his codefendant, Hanbali argues that Garcia has failed to properly allege a basis for subject matter jurisdiction. Hanbali also argues that the Court lacks personal jurisdiction over him—to wit, that Plaintiff fails to allege that Hanbali performed any act enumerated in the New Mexico long-arm statute in this state and fails to show that Hanbali has sufficient minimum contacts with New Mexico to satisfy due process.

---

[1] Under Rule 15(a)(1)(B), a party may amend its pleading once as a matter of course no later than 21 days after service of a responsive pleading or service of a motion under Rule 12(b), whichever is earlier. Because Tenet Hospitals served its motion to dismiss pursuant to Rule 12(b)(1) and (2) on April 1, 2025, Garcia could have amended his complaint without leave of Court instead of filing a motion to amend on April 7, 2025.

## DISCUSSION

**I.     Subject Matter Jurisdiction**

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Rule 8(a)(1) requires a plaintiff to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant. *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). A limited liability company is a citizen of every state of citizenship of any of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

The Court agrees with Defendants that the Original Complaint fails to meet the pleading requirements of Rule 8(a)(1), as it does nothing whatsoever to explain the basis for the Court's jurisdiction. It does not identify federal question, diversity, or any other type of federal jurisdiction over his claims. Furthermore, Plaintiff's proposed Amended Complaint [Doc. 8-1]—while naming 28 U.S.C. § 1332 as the basis for jurisdiction—satisfy Rule 8(a)(1) because it does not allege facts showing that there is complete diversity between the parties.[2] Specifically, the proposed Amended Complaint does not set forth the citizenship of each of the members of Defendant Tenet Hospitals, Ltd., a limited partnership, as required under *Dutcher* and *Carden*. Instead of naming those

---

[2] Due to the nature of Garcia's claims and the seriousness of his alleged injuries, one might reasonably infer that the amount in controversy exceeds $75,000. Neither Defendant mounts a serious argument to the contrary.

members and their respective citizenship as required to establish complete diversity, Garcia alleges, "Defendant *Tenet Corporation* is a corporation incorporated under the laws of the State of Texas with its principal place of business in El Paso, Texas." Doc. 8-1 at 2, ¶ 4 (emphasis added). Simply attempting to call Tenet Hospitals a corporation in the body of the proposed Amended Complaint does not address the issue. If an entity known as Tenet Corporation exists, it is not currently a party in this case. Accordingly, neither the Original Complaint nor the proposed Amended Complaint adequately asserts a basis for this Court's subject matter jurisdiction. Both Defendants' motions to dismiss should be granted on this ground.

## II.     Motion to Amend Complaint

"[A] district court may withhold leave to amend if the amendment would be futile." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022). An amendment is futile if, "as amended, [it] would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).

As discussed above, Garcia's proposed Amended Complaint [Doc. 8-1] suffers from the same jurisdictional failures as his Original Complaint—failing to allege facts to support his contention that this court has diversity jurisdiction under 28 U.S.C. § 1332. Therefore, amending with Doc. 8-1 would be futile, and the motion to amend will be denied.


**IT IS THEREFORE ORDERED** that:

(1) *Defendant Tenet Hospitals'… Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction* [Doc. 4] is **GRANTED**, and Plaintiff's claims against Defendant Tenet Hospitals, Ltd., are **DISMISSED WITHOUT PREJUDICE**;

(2) *Defendant Fadi Hanbali, M.D.'s Opposed Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction* [Doc. 18] is **GRANTED**, and Plaintiff's claims against Defendant Fadi Hanbali are **DISMISSED WITHOUT PREJUDICE**;

(3) *Plaintiff's Motion for Leave to Amend Complaint* [Doc. 8] is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE